# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 9274 | DATE | 7/27/2004 |
| CASE TITLE | MCCALPIN vs. CHICAGO, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Motion (3-1) to dismiss is denied as moot. Motion (12-1) to dismiss is granted. Defendant City of Chicago is dismissed. Motion (5-1) to dismiss is denied as moot. Motion (11-1) to dismiss is granted in part and denied in part. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 5 – 2004 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 23 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Minute Order Form (06/97)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 5 - 2004

MONICA V. McCALPIN,

    Plaintiff,

v.

RETIREMENT BOARD OF THE
FIREMAN'S ANNUITY AND BENEFIT
FUND OF CHICAGO and THE CITY OF
CHICAGO,

    Defendants.

No. 03 C 9274
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

On March 4, 2004, Plaintiff Monica McCalpin filed a 3-Count Amended Complaint against Defendants Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago ("Defendant Board") and the City of Chicago ("Defendant City"). Defendant Board moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts I-III, and Defendant City moves to dismiss Counts II & III.[1] A motion to dismiss is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, I must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *See Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

---

[1] The Defendants also argue that I lack jurisdiction over Counts I & III. However, since the Plaintiff's ADA claim (Count II) arises from the same occurrence or event as Counts I & III, I grant supplemental jurisdiction over them, pursuant to my discretion under 28 USC § 1367 (2004).

23

## I. Plaintiff's Administrative Review Claim (Count I)

In Count I, Plaintiff claims that Defendant Board incorrectly denied her application for duty disability benefits and that Defendant Board's decision is available for administrative review by this court. Defendant Board moves to dismiss Count I on the grounds that this court lacks jurisdiction because the judgment appealed is not a final administrative decision and because the complaint is barred by the statute of limitations.

The Illinois Pension Code specifically allows for a court to conduct administrative review of the Defendant Board's final administrative decisions. 40 ILCS 5/6-222 (2004). The Administrative Review Act defines a final administrative decision as:

> any decision, order or determination . . . which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency.

735 ILCS 5/3-101 (2004).

Plaintiff claims that Defendant Board's letter, dated June 11, 2003, constitutes a final administrative decision because it, according to Plaintiff, fully and finally disposed of her application for disability benefits by informing her of the Board's rejection of her application. Recent Illinois state court decisions have held that a final and binding decision by an administrative agency requires, at least, that the agency has taken some definitive action with regard to the application of which it has informed the applicant. *Illinois Wood Energy Partners, L.P. v. County of Cook*, 667 N.E.2d 477, 483 (Ill. App. Ct. 1995). A letter denying disability benefits without a hearing is one such definitive action and is, therefore, subject to administrative review. *Prendergast v. Ret. Bd. of Firemen's Annuity & Benefit Fund*, Case No. 03 CH 16532 (Cook County Cir. Ct. Ch. Div. 2004). Since Defendant Board's letter of June 11, 2003 finally

disposed of Plaintiff's claim for benefits, I find that it was a final administrative decision and as such falls under my jurisdiction.

Having decided that the June 11th letter was a final administrative decision, I move on to Defendant Board's second argument for dismissal. Defendant Board argues that, by waiting until October 5, 2003 to file the instant suit, Plaintiff failed to satisfy the 35-day statutory period for review. 735 ILCS 5/3-103. Plaintiff claims that her letter of October 2, 2003, requesting reexamination of the Defendant Board's decision should have tolled the statutory period. But, Plaintiff's request could not have tolled the statute of limitation because the request itself was filed after the statutory period had expired. Since Plaintiff filed this suit well outside the statutorily allowed time period, I find that Plaintiff's claim for administrative review is time-barred.

Plaintiff argues further that if the Complaint is time-barred, as I have already decided it is, then Defendant Board's refusal to grant Plaintiff a hearing prior to rendering its final administrative decision was a violation of her Due Process Rights. Defendant Board, on the other hand, claims that a hearing was not required because Plaintiff had other adequate remedies for her initial claim, none of which she utilized. Defendant Board relies on *Schroeder v. Chicago*, 927 F.2d 957 (7th Cir. 1991) to support its position that a hearing was not required. In *Schroeder*, the Seventh Circuit held that a Due Process claim failed where plaintiff's state remedies were adequate. *Id.* at 961. However, Defendant Board's reliance is misplaced, as McCalpin's case is easily distinguishable from *Schroeder*. *Schroeder* dealt with a situation where the plaintiff was not being deprived of an actual property right and, thus, did not generate the same kind of Due Process concerns as are before me here. *Id.*

3

To support her Due Process claim, Plaintiff relies on *Preston v. Ret. Bd. of Firemen's Annuity & Benefit Fund*, Case No. 03 CH 16532 (Cook County Cir. Ct. Ch. Div. 2004), a recent Illinois Circuit Court decision in which the Court held that the plaintiff's Due Process rights were violated by defendant's failure to hold an administrative hearing before rendering its final administrative decision concerning plaintiff's receipt of reduced widow's and child's annuity and benefits. *Id.* Much like the Plaintiff in this case, Preston failed to file suit within the statutory period. *Id.* Nonetheless, the Court held that Preston's Due Process rights were violated because she was not allowed a hearing on her claim. *Id.* The findings of the Court in *Preston* are supported by a host of other Illinois Court decisions [2] as well as by the Illinois Administrative Procedures Act itself, which requires that in a contested case, all parties shall be afforded an opportunity for a hearing after reasonable notice. § 5 ILCS 100/10-25 (2004). Accordingly, I find that the denial of an adversarial hearing prior to a final administrative decision may have constituted a violation of Plaintiff's Due Process Rights and the Illinois Administrative Procedures Act. If factual evidence is proven with regards to these violations, the issue will be remanded to Defendant Board for an administrative hearing.

---

[2] Illinois courts have consistently held that a violation of plaintiff's Due Process Rights exists where plaintiff is not provided with fair and adequate notice of an adversarial proceeding from which an administrative decision results and plaintiff is deprived of a property interest. *See Keller v. Ret. Bd. of Fireman's Annuity & Benefit Fund of Chicago*, 614 N.E.2d 323, 327 (Ill. App. Ct. 1993); *O'Callaghan v. Ret. Bd. of Firemen's Annuity & Benefit Fund*, 706 N.E.2d 979, 984 (Ill. App. Ct. 1998); *Jackson v. Ret. Bd. of the Policeman's Annuity & Benefit Fund*, 688 N.E.2d 782, 785 (Ill. App. Ct. 1997). If lack of fair notice of a hearing is a violation of plaintiff's Due Process Rights, it follows that the complete lack of a hearing is also a violation of plaintiff's Due Process Rights where plaintiff has a property interest in the decision of the administrative board. *See Moore v. Bd. of Trustees of the Sanitary District Employees' and Trustees' Annuity and Benefit*, 510 N.E.2d 87, 92-93 (Ill. App. Ct.1987) (holding that prior to termination of benefits due to a violation of the statutory prohibition on criminal convictions, plaintiff's Due Process Rights require that a hearing be held).

## II. Plaintiff's Americans with Disabilities Act Claim (Count II)

Both Defendant Board and Defendant City argue that Plaintiff's Americans with Disabilities Act ("ADA") claim should be dismissed because Plaintiff has failed to state a claim upon which relief could be properly granted. The ADA requires the allegedly discriminatory action be based on Plaintiff's disability. 42 U.S.C. § 12112. Plaintiff fails to claim that Defendant Board's action was based on her disability or even to dispute Defendant Board's stated reason (that those benefits were unenforceable under the statute) for denying her benefits. Plaintiff does vaguely claim that Defendants discriminated against her following the continuation of her employment in June, 2003. Plaintiff claims that after medical testing Defendants continued her employment but refused to provide her with the ability to buy back suspension time or the ability to receive any disability benefits, retirement benefits, or employment security. But again, Plaintiff never claims that Defendants' decisions were motivated by her disability. Since Plaintiff has failed to allege that Defendants' actions were based on a discriminatory motive, I find that Count II of Plaintiff's Compliant should be dismissed.

## III. Plaintiff's Breach of Contract Claim (Count III)

### A. Defendant City's Motion to Dismiss Count III

Defendant City argues that Plaintiff cannot succeed on her breach of contract claim because she has not alleged any breach of the Defendant City's obligations to her.[3] In examining the Illinois Pension Code, I find that Defendant City's primary obligations are limited to the financing of the Firemen's Annuity and Pension Fund. *See* 40 ILCS 5/6-165. Plaintiff makes no

---

[3] A "membership in any pension or retirement system of the State . . . shall be an enforceable contractual relationship." Illinois Constitution, Article XIII, Section 5.

claims that Defendant City has breached this duty. Instead, Plaintiff's complaint actually states that Defendant City has continued to make the appropriate payroll deductions for Plaintiff in accordance with the Illinois Firemen's Pension Code. Furthermore, any obligation of Defendant City for the payment or contribution of duty disability benefits must first be preceded by Plaintiff's successful application for duty disability benefits. *See* 40 ILCS 5/6-169. Because Defendant Board rejected Plaintiff's application for duty disability benefits, Defendant City maintains no obligations other than those regarding financing, as described above. Since Plaintiff failed to allege that the Defendant City breached its contract, I find that this claim should be dismissed.[4]

## B. Defendant Board's Motion to Dismiss Count III

In Count III, Plaintiff claims that Defendant Board breached its contract with Plaintiff by denying Plaintiff's application for duty disability benefits. Defendant Board moves to dismiss Plaintiff's claim, as it argues that Plaintiff failed to satisfy a condition precedent of the contract by failing to repay a previously granted benefits refund. Specifically, the Defendant Board argues that Plaintiff was required by the Illinois Pension Code to repay a refund she had received during a previous period of employment. Defendant City first employed Plaintiff from July 16, 1992 - September 1, 1992, at which time Defendant City discharged Plaintiff for inability to complete training. After the discharge, Defendant Board refunded her pension contribution from that period, which totaled $332.10. Defendant City then employed Plaintiff from November 1,

---

[4] *See Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001); *Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 958 (N.D. Ill. 2002) (citing *Henderson-Smith & Assocs. v. Nahamani Family Serv. Ctr.*, 752 N.E.2d 33, 43 (Ill. App. Ct. 2001)).

6

1992 -May 29, 2003, during which time Plaintiff contributed in excess of $30,000 to the Fund but did not repay the $332.10 previously refunded by the Board.

There is, however, a serious question as to whether such repayment is actually required by the Illinois Pension Code, which states in pertinent part:

> § 6-158(c) A fireman who receives a refund forfeits all rights to any annuity or benefit from the fund, for himself . . . because of his service, provided he shall retain the right to credit for any such service, for the purpose of computing his total service if he re-enters service before age 57, becomes a beneficiary of the fund and makes repayment of the refund with interest.
>
> § 6-159. Refund -- Re-entry into service -- Repayment of Refund. A fireman who receives a refund, and who subsequently re-enters the service, shall not thereafter receive . . . any annuity, benefit or pension under this Article unless he . . . repays the refund within 2 years after the date of re-entry into service or by January 1, 2000.

40 ILCS § 5/6-158(c), 159 (2004).

A plain reading of § 6-158(c) strongly suggests that a refund repayment's sole purpose is to allow employees to re-purchase service credit to achieve seniority within the Fund equal to that which they would have maintained had they remained continuously employed.[5] This plain reading is supported by the inclusion of credit service and computation of total service as rights restored through repayment of the refund under §6-158(c). Under this interpretation, if an employee receives a refund, all benefits from the refunded contributions are forfeited but future contributions are not affected.

---

[5] The plain language rule is generally applied by courts where conflicting statutory interpretations present themselves. *See Waliczek v. Ret. Bd. of Firemen's Annuity & Benefit Fund*, 741 N.E.2d 272, 275 (Ill. App. Ct. 2000); *Miller v. Hill*, 785 N.E.2d 532, 541 (Ill. App. Ct. 2003).

Defendant Board argues that this interpretation conflicts with the requirements of § 6-159. I disagree. Under my interpretation, § 6-158(c) merely limits the application of § 6-159 to a fireman's previously acquired benefits. It seems only logical that a fireman who reenters the service should start on the same footing as a newly employed fireman. Reading § 6-159 as a total bar to future benefits gained through contributions and service, which are wholly unrelated to previous employment, would put reentering firemen in a significantly worse position than newly entering firemen. Allowing such a disparity serves no legitimate purpose and actually contradicts the interests of the state in providing retirement and disability benefits and the Illinois Pension Code's canon of construction, which requires that the statute be liberally construed in favor of the applicant to achieve its beneficent purpose. *See Kozak v. Ret. Bd. of the Firemen's Annuity & Benefit Fund*, 447 N.E.2d 394, 397 (Ill. 1983). Since repayment of the previously granted refund is not a condition precedent to the contract, I find that Plaintiff's contract claim may stand against the Defendant Board.

For the reasons stated herein, Defendant City's Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED. Defendant Board's Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED in part and DENIED in part.

ENTER:

James B. Zagel
United States District Judge

DATE: 27 July 2004

8