**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MONICA V. McCALPIN, | |
| Plaintiff, | |
| v. | No. 03 C 9274 |
| | Judge James B. Zagel |
| RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO and the CITY OF CHICAGO, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Monica McCalpin was first employed as a paramedic with the Chicago Fire Department on July 16, 1992. After being discharged from the Fire Department in the fall of 1992, McCalpin requested and received a full refund of benefit contributions made up to that point from the Fireman's Annuity and Benefit Fund of Chicago ("Fund") in the amount of $332.10. On November 1, 1993, McCalpin re-entered the Chicago Fire Department as a paramedic, the same position she held previously.

In July 2002, McCalpin injured her knee on an ambulance emergency call and was put on paid medical leave. While on leave, McCalpin requested duty disability benefits to take effect after the expiration of her medical leave on July 30, 2003.[1] In a letter dated June 11, 2003, the Fund denied, without a hearing, McCalpin's application for failure to repay the refund she received in 1992. Shortly thereafter, on June 17, 2003, McCalpin received a letter from her

---

[1] Paramedics are allowed a maximum of one year of paid medical leave.

doctor clearing her to return to work.[2]  McCalpin returned to active duty as a paramedic from

paid medical leave on July 30, 2003 and has been with the Chicago Fire Department ever since.

In response to the June 11th letter, McCalpin filed her initial Complaint against the City of

Chicago and the Fund in state court.  That Complaint was removed to this court and then later

amended on March 4, 2004.  In my earlier Opinion of July 1, 2004, I dismissed the City of

Chicago from the case, leaving the Fund as the sole defendant.  I also dismissed part of Count I,

which sought Administrative Review of the Fund's denial, and Count II, which alleged a

violation of the Americans with Disabilities Act.  This left McCalpin's Due Process and breach

of contract claims in Counts I and III respectively.

Both parties now move for summary judgment on the remaining two claims.  Summary

judgment is proper when there is no genuine issue of material fact and the moving party is entitled

to judgment as a matter of law.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986).  In

determining whether any genuine issue of material fact exists, I must construe all facts in the light

most favorable to the non-moving party and draw all reasonable and justifiable inferences in its

favor.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).  A genuine issue of fact exists

only when, based on the record as a whole, a reasonable jury could find for the non-movant.

*Pipitone v. United States,* 180 F.3d 859, 861 (7th Cir. 1999).

McCalpin alleges that the Fund violated her Due Process rights by denying her disability

benefits without first holding a hearing.  It is well established in Illinois that administrative

_____

[2]  McCalpin objects to my consideration of the letter clearing her to return to work as
irrelevant to the Fund's denial of her benefits.  While I agree it is not relevant to the Fund's
decision, I find it is very relevant to determining whether her claim is moot, which is discussed in
detail below.

proceedings must conform to the constitutional requirements of Due Process. *Wendl v. Moline Police Pension Bd.,* 421 N.E.2d 584, 587 (Ill. App. Ct. 1981). Procedural Due Process generally requires that some kind of hearing be held before a party is deprived of his or her property interest in statutorily provided benefits. *Stillo v. State Ret. Sys.,* 714 N.E.2d 11, 16 (Ill. App. Ct. 1999). As the Fund readily admits, the June 11th letter denying McCalpin disability benefits was sent without a hearing and without providing any reasonable means by which McCalpin could be heard.

While it is possible that the Fund's failure to hold a hearing constituted a violation of McCalpin's Due Process rights, any such claim was mooted when she returned to work before her one year of paid medical leave expired. A claim is mooted when there is no longer an ongoing controversy or when no action of this court could affect the plaintiff's rights. *Bd. of Ed. v. Nathan R.,* 199 F.3d 377, 381 (7th Cir. 2000) (*citing Rhodes v. Stewart,* 488 U.S. 1, 4 (1988); *Honig v. Doe,* 484 U.S. 305, 317, (1988); *Crane v. Ind. High Sch. Athletic Ass'n,* 975 F.2d 1315, 1318-19 (7th Cir. 1992)). McCalpin seeks a reversal of the Board's June 11th letter and a determination by this court that she is entitled to disability benefits. However, the simple facts of this case establish that McCalpin was not entitled to received disability benefits because she returned to work while still on paid medical leave. See ILCS 5/6-151. Since she was not, and still is not, eligible for disability benefits, no action by this court could affect her right to receive those benefits. Thus, by returning to work before the time at which her disability benefits could take effect, McCalpin ended any controversy related to the denial of benefits for the period she was off-work due to her knee injury, mooting her Due Process claims.[3]

---

[3] McCalpin has also asked this court to declare that she would be entitled to future benefits should she require them. I decline to make such a declaration, as it would constitute an advisory opinion. McCalpin is actively employed by the Chicago Fire Department as a paramedic and is ably performing her duties. It is possible that at some future date she may again apply for disability benefits, but, a dispute over those future benefits is not yet ripe for consideration by this court.

McCalpin's return to work also affects her breach of contract claim. To prevail against the Fund, McCalpin must show (1) the existence of a valid and enforceable contract, (2) performance by the plaintiff of its obligations under the contract, (3) breach of the contract by the defendant, and (4) damages resulting from the breach. *Priebe v. Autobarn, Ltd.,* 240 F.3d 584, 587 (7th Cir. 2001). Since McCalpin went back to work before she was entitled to receive disability benefits, the Fund did not have any obligations to provide them to her. Without the existence of an obligation to provide benefits, there can be no breach by the Fund.

For the reasons stated herein, the Fund's Motion for Summary Judgment is GRANTED and McCalpin's Motion for Summary Judgment is DENIED.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: June 22, 2005